## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

COREY LOUIS HINES,
Federal Inmate Reg. No. 31660-
044,

        Petitioner,               CIVIL NO. 11-cv-345-DRH

vs.

FRANCISCO QUINTANA,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, who is currently a federal prisoner incarcerated in the Federal
Correctional Institution in Victorville, California, brings this habeas corpus action
pursuant to 28 U.S.C. § 2254 to challenge three previous state convictions.
Petitioner pled guilty in the Circuit Court of St. Clair County, Illinois, to retail theft
and obstructing justice in Case No. 03-CF-158 on April 3, 2003, and to retail theft
subsequent in Case No. 04-CF-563 on January 11, 2005 (Doc. 1, p. 1). *See also*
website of the St. Clair County Circuit Clerk, www.circuitclerk.co.st-
clair.il.us/icjSearch.htm (last visited Nov. 23, 2011).[1] He was sentenced to two years

---

[1] Court documents are public records of which the Court can take judicial notice. *See*
*Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F.
Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on

in the 2003 case, and to one year in the later case, and has long since completed serving his sentence on each conviction.[2]  He requests this Court to order the state court to dismiss his convictions, based on several alleged technical defects in his prosecution and the statutes under which he was charged.  Petitioner claims that (1) the criminal cases failed to commence with a complaint; (2) the laws under which he was charged did not contain an enacting clause; (3) the titles of the laws under which he was charged were too broad and vague and were not limited to one subject; and (4) because there was no complaint, the court lacked subject-matter jurisdiction and personal jurisdiction.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon careful review of the petition, the Court concludes that it must be dismissed because it was not timely filed.

Under 28 U.S.C. § 2244(d)(1), a petitioner has a one year period in which to file an application for a writ of habeas corpus.  Section 2244(d)(1)(A) states that the limitations period shall begin to run on "the date on which the judgment became final

---

government websites) (collecting cases).

[2] The St. Clair Circuit Clerk online records show that petitioner's sentence in 03-CF-158 would have been discharged on April 3, 2005, and the sentence in 04-CF-563 would have been completed on January 11, 2006.  Www.circuitclerk.co.st-clair.il.us/icjSearch.htm (last visited Nov. 23, 2011). However, these dates do not take into account a possible earlier release due to good conduct credit or other sentence credit petitioner may have been awarded.

by the conclusion of direct review or the expiration of the time for seeking such review." According to the instant habeas petition, after petitioner pled guilty to the offenses, he never filed a direct appeal in either case. Therefore, his convictions became final upon the expiration of the time for seeking direct review, which was 30 days after each judgment of conviction: May 3, 2003, in 03-CF-563, and February 10, 2005, in 04-CF-563. *See* ILL. SUP. CT. R. 604(d).

The habeas statute also provides that"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner never filed any application for collateral review of either conviction within the one-year time limits of May 3, 2004, and February 10, 2006, respectively. Because no application for collateral review was filed within either one-year period for seeking habeas review, there could be no tolling of these time limits. Thus, petitioner's time to seek review under § 2254 ran out on May 3, 2004, for the earlier convictions, and on February 10, 2006, for the later.

Petitioner claims that he attempted to file a "petition for redress of grievance" in the Circuit Court of St. Clair County, but he does not disclose the date of this attempt. Based on the dates of disposition by the courts of review, however, the Court estimates the petition was filed some time in late 2009 or early 2010, well over four years after petitioner's most recent conviction became final, and well past the expiration of his deadline to file for habeas relief on either conviction. Petitioner

states that the circuit court refused to file his document or issue an order addressing his petition (Doc. 1, p. 8-9).  He then appealed the circuit court's action to the state appellate court.  His appeal was dismissed (No. 5-10-0073) on March 22, 2010 (Doc. 1, p. 9).  The Illinois Supreme Court denied his petition for leave to appeal on September 29, 2010 (Doc. 1, p. 9).  *People v. Hines*, 938 N.E.2d 525, No. 110452 (Table) (Ill. 2010).  Petitioner did not include with his habeas petition any copies of his circuit court petition or the orders of the appellate or supreme courts.

There is no basis for this Court to construe the "petition for redress of grievance" as a properly filed collateral attack on any of petitioner's convictions. Once the one-year time limit for seeking habeas relief has expired, a later-filed collateral attack cannot "toll" the intervening lapse of time to allow for another chance to file a habeas petition.  *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (untimely petition does not toll a statute of limitation); *Fernandez v. Sternes,* 227 F.3d 977, 979 (7th Cir. 2000).  Thus, petitioner's attempted filing of his "petition for redress of grievance" could not restart the clock for him to seek federal habeas review, nor could it "toll" the one-year time limits that had already expired years before.

According to petitioner, the circuit court refused even to file his "petition for redress of grievance."  Based on the allegations of the instant habeas petition, it appears that the time limits for petitioner to have sought relief in the circuit court either under the Illinois Post-Conviction Hearing Act or as a § 2-1401 Petition for Relief from Judgment had long since expired.  *See* 725 ILL. COMP. STAT. 5/122-1(c);

735 ILL. COMP. STAT. 5/2-1401.  This could explain the circuit court's refusal to file or rule on the petition.

In summary, because the instant habeas petition was filed more than one year after the challenged judgments of conviction became final, it is untimely and thus subject to dismissal.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment accordingly.

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals.  *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that the petition was

not timely filed, and therefore petitioner is not entitled to relief pursuant to 28 U.S.C.

§ 2254.  Furthermore, the Court finds no basis for a determination that its decision

is debatable or incorrect.  Thus, petitioner has not made "a substantial showing of

the denial of a constitutional right."

      **IT IS FURTHER ORDERED** that a certificate of appealability shall **NOT** be

issued.

      **IT IS SO ORDERED.**

      **Dated: November 29, 2011**

David R. Herndon
2011.11.29
15:22:34 -06'00'

      **Chief Judge**
      **United States District Court**